UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| David Letscher <br><br> Plaintiff, <br><br> v. <br><br> B&T Financial Services, LLC <br><br> Defendant. | Case No. <br><br><br> COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF <br><br> JURY DEMAND ENDORSED HEREIN |

## PARTIES

1. Plaintiff is a natural person who resided in Grosse Point, MI at all times relevant to this action.

2. Defendant is a Maryland limited liability company that maintained its principal place of business in Germantown, MD at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to Chase Bank, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. In early March, 2011, Defendant telephoned Plaintiff's son ("Brian") for the purpose of obtaining Plaintiff's location information.

14. On or around March 15, 2011, Defendant again telephoned Brian in connection with the collection of the debt.

15. During this communication, Defendant disclosed to Brian that Plaintiff owed the debt.

16. During this communication, Defendant falsely represented that Brian could be involved in credit card fraud charges.

17. During this communication, Defendant falsely represented that Brian could be subpoenaed.

18. On or around March 16, 2011, Plaintiff telephoned Defendant.

19. During this communication, Defendant threatened to file fraud charges against Plaintiff in Michigan.

20. During this communication, Defendant threatened to seize Plaintiff's assets.

21. At the time of this communication, Defendant had neither the intent nor ability to file fraud charges against Plaintiff in Michigan

22. At the time of this communication, Defendant had neither the intent nor ability to seize Plaintiff's assets.

23. Defendant caused Plaintiff emotional distress.

24. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

25. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

26. In support hereof, Plaintiff incorporates paragraphs 13-17 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

27. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

28. In support hereof, Plaintiff incorporates paragraphs 16-17 as if specifically stated herein.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

29. Defendant violated 15 U.S.C. §1692e(5) by threatening to take action that cannot be legally taken.

30. In support hereof, Plaintiff incorporates paragraphs 18-22 as if specifically stated herein.

## JURY DEMAND

31. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

32. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

MACEY & ALEMAN, P.C.
Attorneys for Plaintiff

By: s/Nicholas Prola
    Nicholas Prola
    233 S. Wacker, Suite 5150
    Chicago, IL 60606
    Telephone:  866-339-1156
    Fax: 312-822-1064
    Email:  npr@legalhelpers.com

    s/ with consent of Lori A. Leigh
    Lori A. Leigh
    17117 W. Nine Mile, Suite 1020
    Southfield, MI 48075
    Telephone: 866-339-1156
    Fax: 248-569-3874
    Email: lal@legalhelpers.com
    Bar # P65423 (Local Counsel)